UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

N. MAXINE PHANCO and THOMAS W. PHANCO,

                Plaintiffs,

      -vs-                                            07-CV-687-JTC

R.J.M. RESTAURANT, INC., d/b/a R&M Restaurant,
RUSSELL RIDDELL and MARY JO RIDDELL,

                Defendants

---

In this action, plaintiffs seek damages and declaratory relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, along with various state law and common law claims, based on allegations that defendant Russell Riddell sexually harassed plaintiff N. Maxine Phanco while she was employed at the R & M Restaurant located in Randolph, New York. Defendants have moved pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for summary judgment dismissing the complaint.

For the reasons that follow, defendants' motion is denied.

## **BACKGROUND**

The R & M Restaurant is co-owned by Russell Riddell and his wife, defendant Mary Jo Riddell. Plaintiff was employed there between March 2004 and December 2006. She was hired as a waitress, and in May 2006 her duties expanded to supervising other workers, opening and closing the restaurant, and making bank deposits. *See* Item 1, ¶¶ 6, 9-11.

Plaintiff alleges the following conduct on the part of defendant Russell Riddell:

- Throughout the duration of plaintiff's employment at the R & M Restaurant, Russell Riddell would frequently tell the plaintiff how pretty he thought she looked, how beautiful her eyes were, that he loved her, and that "[she] completed [his] world." *Id.* at ¶ 14.

- In approximately December 2004, while plaintiff was working at the restaurant, Riddell grabbed her by the buttocks. After this episode, Riddell would frequently state that plaintiff had a "firm ass" or a "tight ass." *Id.* at ¶ 15.

- On another occasion around the same time, Riddell lifted up plaintiff's leg, removed her shoe and sock and began rubbing her foot. When she complained and attempted to slide her foot out of his grasp, he grabbed her foot tighter and continued to rub it. *Id.* at ¶ 16.

- He frequently massaged her neck and shoulders, despite her protests. *Id.* at ¶ 17.

- In May 2006, while plaintiff was working at the restaurant, Riddell sneaked up behind her, slid his hand underneath her shirt, and began rubbing her stomach. Plaintiff strongly objected, and told him to stop immediately. *Id.* at ¶ 18.

- In the summer of 2006, Riddell stated in the presence of plaintiff, other employees, and customers that the restaurant should put up a "stripper pole." He later set up a step ladder and directed plaintiff to climb on a table and dance, which she declined to do. *Id.* at ¶ 19.

- In August 2006, while plaintiff was working at the restaurant, Riddell came up to the plaintiff in the back storage room area, held her against the door so that no one

else could enter the room, grabbed her cheek with his hand, and forcibly kissed her. Following this episode, he would frequently confront plaintiff in the back room, in the public restrooms, and in an upstairs loft/storage area and kiss her without permission. *Id.* at ¶ 20. He would also make frequent uninvited comments to plaintiff about what it might be like to make love to her. *Id.* at ¶¶ 21-22.

- On December 6, 2006, at approximately 1:30 p.m., Riddell confronted plaintiff in the loft/storage area at the restaurant where she was gathering supplies. He grabbed plaintiff's arm and began kissing her on the neck and mouth. Plaintiff told him to stop, but he grabbed her around her lower back, forced his hand underneath her underwear, and began to repeatedly insert his fingers into her vagina. After a considerable struggle, plaintiff was able to escape Riddell's grasp and make her way downstairs to finish her shift at the restaurant. *Id.* at ¶¶ 23-27.

Plaintiff alleges that she complained about Riddell's conduct to management, namely to Russell Riddell himself, co-owner Mary Jo Riddell, and her supervisor Laurel Hale, but her complaints were ignored. She continued to work at the restaurant until December 12, 2006, when she resigned. *Id.* at ¶¶ 28-31.

Plaintiff claims that defendants' conduct toward her was so severe and pervasive that it altered the conditions of her employment, created an abusive and hostile work environment, and caused her to be constructively discharged from her employment, in violation of Title VII and the New York State Human Rights Law ("NYSHRL"). She also claims that the actions of Russell Riddell, of which Mary Jo Riddell knew or should have known, have resulted in liability for the torts of battery, false imprisonment, and intentional infliction of emotional distress, as well as a claim for loss of consortium by her husband,

plaintiff Thomas Phanco.

After discovery, defendants filed a motion for summary judgment based on the following grounds:

1. Failure to establish an actionable hostile work environment claim.

2. The record is replete with evidence demonstrating plaintiff's untruthfulness.

3. The claims against Mary Jo Riddell must be dismissed in the absence of any showing that Mary Jo had actual knowledge of plaintiff's sexual harassment complaints.

Each of these grounds is discussed in turn below.

## DISCUSSION

### I. Summary Judgment

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court's role at the summary judgment stage is not to resolve issues of fact, but rather to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

In ruling on a summary judgment motion, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Rodriguez v.*

*City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). Then the burden shifts to the party resisting summary judgment to come forward with evidence "sufficient to satisfy every element of the claim." *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008). The non-moving party's submission must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is appropriate where the moving party has shown that "little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Resid. Servs.*, L.P., 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted).

The Second Circuit has repeatedly cautioned the district courts about granting summary judgment to an employer in a discrimination case, especially where the employer's intent is at issue. *See, e.g., Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997); *Gallo*, 22 F.3d at 1224; *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.) *cert. denied*, 474 U.S. 829 (1985). Nevertheless, "summary judgment remains available for the dismissal of discrimination claims in cases lacking genuine issues of material fact." *McLee v. Chrysler Corp.*, 109 F.3d 130, 135 (2d Cir. 1997); *see also Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir.) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases."), *cert. denied*, 534 U.S. 993 (2001). In resolving a summary judgment motion in an employment discrimination case, the court must "carefully distinguish between evidence that allows for

a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." *Bickerstaff v. Vassar College*, 196 F.3d 435, 448 (2d Cir. 1999), *cert. denied*, 530 U.S. 1242 (2000).

## II.     Hostile Work Environment

Defendants' principal argument on summary judgment is that plaintiffs have failed to show that Maxine Phanco was subjected to a hostile work environment while employed at the R & M Restaurant.  In order to establish a *prima facie* hostile work environment claim under Title VII, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citation omitted);  *see Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006).  The plaintiff must show not only that the environment was objectively hostile and abusive, but also that she subjectively perceived the environment to be abusive.  *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010); *see also Hayut v. State University of New York*, 352 F.3d 733, 745 (2d Cir. 2003).

Generally, to meet the threshold of "severity or pervasiveness," incidents of workplace abuse "must be more than episodic; they must be sufficiently continuous and concerted . . . ."  *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (internal quotation marks omitted).  However, the courts have found even a single act to meet the threshold "if, by itself, it can and does work a transformation of the plaintiff's workplace."  *Id.* (citing *Howley v. Town of Stratford*, 217 F.3d 141, 154 (2d Cir. 2000) (vile and sexually explicit

verbal abuse of a female firefighter that challenged her competence, was witnessed by a large group that included her subordinates, and created a justified fear that she would be left in peril at fire scenes); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 437 (2d Cir. 1999) (observing that a single sexual assault may be sufficient to alter the terms and conditions of the victim's employment), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)).

Analysis of a hostile work environment claim under these standards requires the court to look to the record as a whole and assess the totality of the circumstances, considering a variety of factors including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23; *see also Raniola v. Bratton*, 243 F.3d 610, 617 (2d Cir. 2001). The court "must also consider the extent to which the conduct occurred because of the plaintiff's sex." *Gorzynski*, 596 F.3d at 102; *see also Alfano*, 294 F.3d at 374.

Based on the facts presented in this case by way of the pleadings, deposition testimony, affidavits, and other material on file, and drawing all reasonable inferences in plaintiffs' favor, the court finds that plaintiff easily meets the *prima facie* "severity and pervasiveness" threshold. As set forth in the pleadings and as chronicled in Ms. Phanco's affidavit and deposition testimony, Russell Riddell engaged in conduct toward her throughout the course of her employment at the R & M Restaurant which a reasonable juror could find to be objectively inappropriate or abusive, including sexually provocative comments, unwanted touching, kissing, and other direct encounters. This conduct

culminated in the incident in the upstairs loft area on December 6, 2006, shortly after which plaintiff resigned. Considered alone, this final incident could be deemed sufficiently egregious itself to have altered the conditions of plaintiff's employment. When considered collectively, the quantity, frequency, and severity of Mr. Riddell's conduct and comments are sufficiently continuous and concerted to be deemed pervasive and damaging to plaintiff's work environment.

Defendants cite Ms. Phanco's deposition testimony to show that, notwithstanding her allegedly unwanted contacts with Mr. Riddell throughout the spring and summer of 2006, she voluntarily requested more work hours; she failed to complain to anyone at the restaurant about the incidents; she recommended her niece for employment; and she willingly ventured into the loft area alone on December 6, 2006, despite a previous unwanted encounter there. According to defendants, no rational jury presented with this evidence could find that plaintiff subjectively perceived her work environment to be abusive.

However, plaintiff has countered with her own sworn affidavit in which she explains that she requested more hours because her husband was out of work at that time and she needed more money to feed her family (Item 39, Ex. B, ¶ 12); she did complain about Mr. Riddell's conduct, not just to Riddell but also to a senior manager who told her but she would "simply have to put up with the abuse and be prepared for it to get worse . . . " (*id.* at ¶ 21); she recommended her niece for employment at a time when she was still hopeful that Mr. Riddell's abusive conduct would stop (*id.* at ¶ 26); and, while her job duties required her to go to the loft area for supplies from time to time, she did so with caution "to be sure that . . . Riddell was unaware of [her] being in the loft so as to prevent any further

attacks." *Id.* at ¶ 32. Drawing all reasonable inferences in plaintiff's favor, this body of evidence must be deemed sufficient to raise a genuine issue for trial with respect to whether plaintiff subjectively perceived her work environment to be abusive.

Beyond demonstrating a hostile work environment, plaintiff must show a basis for imputing the objectionable conduct to the employer. *Alfano*, 294 F.3d at 373. When, as in this case, the alleged harasser is the owner of the business or is in a supervisory position over the plaintiff, the objectionable conduct is automatically imputed to the employer. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). But even then, the employer may be permitted under *Faragher* and *Ellerth* to raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence showing that (1) "the employer exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior," and (2) "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765; *see also Ferraro v. Kellwood Co.*, 440 F.3d 96, 101-02 (2d Cir. 2006). The employer may raise the defense, however, only if one of two further elements is met: either (1) the employee's supervisor took no "tangible employment action," which involves an official company act, against the employee; or (2) any tangible employment action taken against the employee was not part of the supervisor's discriminatory harassment. *See Faragher*, 524 U.S. at 808; *Ellerth*, 524 U.S. at 765.

Assuming for the purposes of summary judgment that defendants took no tangible employment action against Ms. Phanco, *see, e.g., Finnerty v. William H. Sadlier, Inc.* 176

Fed.Appx. 158, 161 (2d Cir. 2006) (constructive discharge resulting from hostile work environment does not constitute "tangible employment action"), and are therefore entitled to raise the *Faragher/Ellerth* defense, the matters set forth in the pleadings, affidavits, and discovery materials on file raise genuine issues of material fact with respect to whether defendants can succeed on either prong. As indicated by the discussion thus far, there is considerable evidence to support a rational jury's determination that the discriminatory conduct at issue here is directly attributable to the employer—namely, Russell Riddell—who did not take any reasonable steps to prevent or correct his behavior, and that Ms. Phanco did attempt to take advantage of preventive or corrective opportunities by reporting Mr. Riddell's conduct to her supervisor, to no avail.

Accordingly, defendants are not entitled to summary judgment on the ground that plaintiffs have failed to establish a *prima facie* hostile work environment claim as a matter of law. Likewise, defendants are not entitled to summary judgment on the ground that they have met the requirements of the *Faragher/Ellerth* affirmative defense. This ruling is not intended to preclude defendants from raising the defense and submitting proof of the required elements to the jury. It simply means that, on the record presented, there are genuine issues of material fact precluding the finding that defendants have established those elements by a preponderance of the evidence, as a matter of law.

### III.  Ms. Phanco's Credibility

Defendants also make the argument, based on the affidavit of their private investigator Russell Payne (Item 34, Appendix 1), that they are entitled to summary judgment dismissing the complaint because Ms. Phanco "has habitually falsified both

documentary and testimonial evidence in this matter." Item 33, p. 13. This argument must be rejected.

It is settled law that "[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997), *quoted in McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006). While it is true that "[i]ssues of credibility sufficient to defeat a motion for summary judgment are not created if the contradicting or impeaching evidence is too incredible to be believed by reasonable minds . . . ," *Price v. Worldvision Enterprises, Inc.*, 455 F. Supp. 252, 266 n. 25 (S.D.N.Y. 1978) (internal quotation marks and citation omitted), such is not the case here. Plaintiffs have submitted evidence sufficient to provide a plausible explanation for each of defendants' credibility challenges, and the court declines the invitation to tread on the jury's function in this regard.

## IV. Dismissal of the Claims Against Mary Jo Riddell

Finally, defendants contend that the claims brought against Mary Jo Riddell, both individually and in her capacity as part owner of the R & M Restaurant, must be dismissed because plaintiffs cannot establish that Ms. Riddell had either actual or constructive notice of the alleged sexual harassment. This contention must also be rejected.

It is well settled that "individuals are not subject to liability under Title VII." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII"), *abrogated on other grounds by Ellerth*;

*see also Maher v. Alliance Mortg. Banking Corp.*, 650 F. Supp. 2d 249, 258 (E.D.N.Y. 2009). It also clear that, while employment discrimination claims brought under the NYSHRL are analytically identical to claims brought under Title VII, there is one notable difference: the NYSHRL allows the imposition of personal liability on supervisory employees in limited circumstances. *See Tomka*, 66 F.3d at 1317 (citing *Patrowich v. Chemical Bank*, 63 N.Y.2d 541, 542 (1984)); *see also Maher*, 650 F. Supp. 2d at 260 (supervisor can be held individually liable as an "employer" under NYSHRL where she is "shown to have an ownership interest in [the business employing the plaintiff] or power to do more than carry out personnel decisions made by others") (quoting *Patrowich*, 63 N.Y.2d at 542).

In addition, under the holdings of *Faragher* and *Ellerth*, "[a]n employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765. Based on the matters set forth in the pleadings, affidavits, deposition testimony, and other materials submitted in connection with this motion, there is sufficient proof for a rational jury to find in favor of plaintiffs on their claim that Mary Jo Riddell, as the principal owner of the R & M Restaurant, should be held vicariously liable in her capacity as Ms. Phanco's employer for the hostile environment created by co-owner Russell Riddell, who exercised supervisory authority over Ms. Phanco's work.

Accordingly, defendants are not entitled to summary judgment dismissing the claims against Mary Jo Riddell.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Item 31) is denied. This matter is hereby referred to Hon. H. Kenneth Schroeder, United States Magistrate Judge, for the purpose of conducting a settlement conference.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: ~~March~~ April 5, 2010
p:\pending\2007\07-687.mar26.10