UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

N. MAXINE PHANCO &
THOMAS W. PHANCO,
          Plaintiffs,

      v.                                                                         07-CV-687

R.J.M. RESTAURANT INC,
     d/b/a R&M RESTAURANT,
RUSSELL RIDDELL and
MARY JO RIDDELL,
          Defendants.
_____

## DECISION AND ORDER

Judgment was entered in favor of defendants following a jury verdict determining that plaintiff had not been subjected to a hostile work environment or the intentional torts of battery, false imprisonment and outrageous conduct causing emotional distress. Dkt. ##78 & 80.

Currently before the Court is defendants' motion for attorneys' fees and costs. Dkt. #81. For the following reasons, defendants' motion is granted in part and denied in part.

**Attorneys' Fees**

In any action or proceeding under Title VII of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee (including expert fees), as part of the costs. 42 U.S.C. § 2000e-5(k). In exercising its

discretion, the Supreme Court of the United States has concluded that a district court may "award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 421 & 422 (1978).

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 421-22. The Supreme Court expressed concern that "assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII." *Id.* at 422. As a result, "it is very rare that victorious defendants in civil rights cases will recover attorneys' fees." *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 178 (2d Cir. 2006).

An award of attorneys' fees is not appropriate in this case. This action was not frivolous, unreasonable or without foundation. There was testimony from the defendant, Russell Riddell that he engaged in a "romantic involvement" with plaintiff,

including kissing and touching plaintiff on several occasions while she was working. The defendant's son, Jason Riddell, observed his father and plaintiff embracing and kissing in the cooler. Other employees testified to sexual banter and physical contact between the defendant and other employees, including plaintiff, within the restaurant. That the jury determined such evidence insufficient to sustain plaintiff's burden of proof does not warrant the imposition of defendants' attorneys' fees against plaintiffs.

**Costs**

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). The costs which may be taxed are set forth in 28 U.S.C. § 1920 and include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. The prevailing party has the burden of establishing that the items it seeks to have taxed as costs are authorized under the statute and that such costs were reasonable and necessary and not incurred for the mere convenience of counsel. *Sevenson Envtl. Servs., Inc. v. Shaw Envtl., Inc.*, 246 F.R.D. 154, 155 (2007).

Unlike attorneys' fees, costs are generally awarded to a prevailing party as a matter of course. *See Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101-02 (2d Cir. 1999) (rejecting Title VII plaintiff's argument that it was error to assess costs because her claims were not frivolous); *Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir. 1984) ("The award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception."). However, "costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). "As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.* "One of the consequences of pursuing litigation that is determined to be without merit is the taxation of costs, as a matter of course, in favor of the prevailing party." *Murphy v. Board of Educ. of Rochester City Sch. Dist.*, 308 F. Supp.2d 148, 151 (W.D.N.Y. 2004).

The Court has reviewed plaintiffs' financial affidavit and is sympathetic to their financial situation, but is not persuaded that the presumption in favor of awarding costs to the prevailing party has been overcome. The Court has reviewed defendants' bill of costs (Dkt. #86), and finds the costs set forth to be reasonable and necessary. Accordingly, the Clerk of the Court is directed to tax $2,015.02 in costs as part of the judgment entered in favor of defendants and against plaintiffs.

**CONCLUSION**

Based on the foregoing, defendants' motion (Dkt. #81), is granted with respect to the bill of costs and denied with respect to attorneys fees. The Clerk of the Court is directed to tax $2,015.02 in costs as part of the judgment entered in favor of defendants and against plaintiffs.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**April 19, 2011**

     **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**